UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JACQUELINE C. SIMONELLI,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CARMEL-BY-THE-SEA, CALIFORNIA,<br><br>        Defendant.<br>_____/ | No. C 13-1250 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[ECF No. 16] |

## INTRODUCTION

*Pro se* Plaintiff Jacqueline Simonelli owns property in Carmel-by-the-Sea, California, and sued the City of Carmel-by-the-Sea to challenge its decision to permit development she claims would substantially diminish the value of her property. *See* Complaint, ECF No. 1 at 3-5, 11.[1] Simonelli claims that the City's actions constitute a taking without just compensation in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. *Id.* at 5. After answering the complaint, the City moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b) and GRANTS the City's motion.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 13-01250 LB
ORDER

## STATEMENT[2]

Simonelli is a resident of Marin County, but also owns property in Carmel-By-The-Sea. *Id.* at 3, 5. Defendant City of Carmel-by-the-Sea is a California municipality. *Id.* at 2. On January 9, 2013, the City' Planning Commission approved File #DS 122, which is a development plan permitting residential construction on a lot immediately adjacent and to the west of Simonelli's Carmel property. *See* RJN Ex. A, ECF No. 16-2 at 47, 50 (Simonelli's statement appealing the Planning Commission's decision to the City Council as attached to her State Court Petition for Mandamus).

On January 22, 2013, Simonelli appealed the Planning Commission Decision to the Mayor and City Council. *See id.* at 47-49. The crux of Simonelli's grievance with the Planning Commission's decision is that #DS-122 "is designed to maximize [the developer's] profits by placing a deck//balcony with two double French doors overlooking our ONLY private area (patio/garden) in an attempt to get a view of the ocean." *Id.* at 50.

At a February 5, 2013 meeting, Defendant's city council considered Ms. Simonelli's appeal of #DS-122.[3] *Id.* at 11. Simonelli (through her son) addressed the Council, as did a representative of

---

[2] The following facts are taken from the complaint, documents attached to the complaint, and the judicially-noticed documents.

In support of its motion for judgment on the pleadings, the City asks the court to take judicial notice of two exhibits. Def.'s Request for Judicial Notice ("RJN"), ECF No. 16-2. The first is Simonelli's "Petition for Writ of Administrative Mandamus Under CCP § 1094.5" and "Request for Injunction and Stay of Construction" filed in the Monterey County Superior Court on May 6, 2013, and the exhibits to those documents. *See* RJN at 2. The second is "[a] print out from the Monterey County Superior Court's website indicating that Plaintiff's State Court Petition is pending, and the Superior Court has not ruled on the merits of the case." *Id.* These documents are public records subject to judicial notice, and Simonelli does not object to the City's request. Accordingly, the court takes judicial notice of the documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

The statement of facts below includes some information contained in the documents Simonelli attached to her state court petition. These facts are included only for context and have no bearing on the court's ultimate disposition of this matter.

[3] Pages 6-12 of the complaint are the unsigned minutes of the February 5, 2013 Council Meeting. *See* Complaint at 4 (describing attached exhibit as "'City of Carmel-by-the-Sea" City Council Meeting Minutes of February 5, 2013, approving the Application of #DS-122 (7 pages). –

the Planning Department and the developer. *Id.* The City Council voted to "uphold the decision of the Planning Commission with Special Conditions 1-4."[4] *Id.* Three Council Members voted in favor of sustaining the Planning Commission's decision, two abstained, and none ruled in Simonelli's favor. *Id.*

On March 20, 2013, Simonelli filed the pending suit. In the complaint, Simonelli contends that the City's actions constitute a taking without just compensation and violated the Fifth and Fourteenth Amendments. *See* ECF No. 1. Simonelli contends that in approving #DS-122, the City "gave property value to a private party (Pot D'Oro LLC) – a private real estate developer." *Id.* at 5. This is because it gave the developer "a view of the ocean." *Id.* The City also increased its tax revenues. *Id.* At the same time, the City "diminished the value of the Simonelli property because the two-story building (with a second-story balcony for the purpose to get a view of the ocean) looms over the Simonelli property and infringes Simonelli's right to privacy, and rights to solar access, air and light." *Id.* Simonelli also alleges that in approving #DS-122, the City violated its code, city guidelines, and regulations. *Id.* The City filed an answer on April 17. ECF No. 7.

On May 6, 2013, Simonelli filed a Petition for Writ of Administrative Mandamus under California Code of Civil Procedure section 1094.5 in Monterey County Superior Court. *See* RJN Ex. A. Neither party has informed the court that this action has been resolved.

Finally, on June 14, 2013, the City filed the pending motion for judgment on the pleadings. Motion, ECF No. 16.

## ANALYSIS

### I. JUDGMENT ON THE PLEADINGS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion thus

---

Received at Carmel City Hall, March 19, 2013"). Simonelli refers to the applications as "#DS-122."

   [4] The record does not describe "Special Conditions 1-4."

may be predicated on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010).

Although a court generally is confined to the pleadings on a Rule 12(c) motion, "[a] court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that the district court properly considered documents attached to a motion to dismiss that described the terms of plaintiff's group health insurance plan, where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff never disputed their authenticity); *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) (taking into account newspaper article containing allegedly defamatory statement under the "incorporation by reference" doctrine where it was "central" to plaintiff's claim, defendant attached it to the motion for judgment on the pleadings, and plaintiff did not contest its authenticity)).

## II. SIMONELLI'S TAKINGS CLAIM

Simonelli brings a constitutional challenge to the City's decision to approve her neighbor's design study and permit applications as a violation of the Takings Clause of the Fifth Amendment,

as incorporated by the Fourteenth Amendment. *See generally* Complaint. The "takings clause" provides that private property shall not be "taken for public use, without just compensation." U.S. Const., amend. 5. This clause is made applicable to the states by the Fourteenth Amendment. *See Kelo v. City of New London*, 545 U.S. 469, 472 n.1. "As its language indicates, and as the Court has frequently noted, this provision does not prohibit the taking of private property, but instead places a condition on the exercise of that power." *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 314-15 (1987); *see Williamson County,* 473 U.S., at 194; *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.,* 452 U.S. 264, 297, n. 40 (1981).

### A. Simonelli's Claim is Unripe

The City's primary argument is that Simonelli's taking claim is unripe. Motion, ECF No. 16 at 4-5. Generally, the ripeness doctrine prevents premature adjudication of claims. *See, e.g., Thomas v. Union Carbide Agricultural Prod. Co.*, 473 U.S. 568, 580 (1985). The doctrine derives from both Article III and from prudential reasons for refusing to exercise jurisdiction. *See Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). If a claim is unripe, federal courts lack subject matter jurisdiction, and the complaint must be dismissed. *Southern* may *Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).

In *Williamson County v. Hamilton Bank*, 473 U.S. 172, 192-95 (1982), the Supreme Court set forth a heightened ripeness test for constitutional takings claims in federal court. Under *Williamson County*, there are two parts to establishing ripeness for a takings claim against a state or state subdivision. "First, a regulatory takings claim is not ripe until the appropriate administrative agency has made a final decision on how the regulation will be applied to the property at issue." *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1117 (9th Cir. 2010) (citing *Williamson County*, 473 U.S. at 192-93).

"Second, a property owner who sues for inverse condemnation, claiming that his property was taken without just compensation, generally must seek that compensation through the procedures provided by the state before bringing a federal suit." *Id.*; *see San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1102 (9th Cir. 1998) ("there is no constitutional injury until the plaintiff has availed himself of the state's procedures for obtaining compensation for the injury, and been

denied compensation"). A plaintiff is not required to seek remedies from the state where it would be futile under existing state law. *Williamson County*, 473 U.S. at 196; *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005).

Here, the City contends that Simonelli's claim is unripe because she has not sought compensation through the procedures provided by California. Motion at 4-5. Simonelli acknowledges that on May 6, 2013, she filed a Petition for Writ of Administrative Mandamus under California Code of Civil Procedure 1094.5 to appeal the City's decision.[5] Opp'n, ECF No. 19 at 4; *see* RJN Ex. A, ECF No. 16-2 at 5. She does not claim that the state court proceeding has been resolved. *See* Opp'n. And she agrees with the City's contention that California courts provide adequate procedures for addressing regulatory takings claims. Motion at 5; Opp'n at 4; *see also San Remo Hotel*, 145 at 1102 ("post-1987, California's inverse condemnation procedures are adequate to address a regulatory takings claim"); *Christensen v. Yolo County Bd. Of Supervisors*, 995 F.2d 161, 164 (9th Cir. 1993) (same); *Schnuck v. City of Santa Monica*, 935 F.2d 171, 174 (9th Cir. 1991) (same). Because Simonelli has not yet "unsuccessfully attempted to obtain just compensation through the procedures provided by the state," her takings claim is unripe under *Williamson County* and its progeny. Accordingly, the court **GRANTS** the City's motion for judgment on the pleadings.

To the extent that Simonelli alleges equal protection or substantive due process claims, they also are unripe. All of Simonelli's factual allegations relate to her takings claim. *See* Complaint. The same ripeness standard applies to equal protection and substantive due process claims that relate to, or arise from, a takings claim. *See S G Borello & Sons, Inc. v. City of Hayward*, No. C03-0891 VRW, 2006 WL 3365598 (N.D. Cal. Nov. 20, 2006); *Herrington v. County of Sonoma*, 857 F.2d 567, 569 (9th Cir. 1988); *Norco Construction, Inc. v. King County*, 801 F.2d 1143 (9th Cir. 1986).

Because the court grants the City's motion on ripeness grounds, it need not reach the argument that under *Younger v. Harris*, it should abstain in favor of the pending state case.

---

[5] The City disputes that Simonelli followed the correct procedure. Reply, ECF No. 20 at 3. In its motion, the City suggests that Simonelli should have filed an inverse condemnation action. Motion at 5. Regardless of whether Simonelli is pursuing the correct state procedure, it is undisputed that California has not yet denied her compensation.

**CONCLUSION**

For the reasons stated, the court **GRANTS** Defendant, City of Carmel-by-the-Sea's motion for judgment on the pleadings and dismisses the complaint for lack of jurisdiction.

This disposes of ECF No. 16.

**IT IS SO ORDERED.**

Dated: July 21, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 13-01250 LB
ORDER

7